UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARCEL PIERRE,                                    1:21-CV-000163 - LJV-MJR

                        Plaintiff,               DECISION AND
                                                 ORDER
        v.

STATE OF NEW YORK DEPARTMENT
OF CORRECTIONS AND COMMUNITY
SUPERVISION, *et al.*,

                        Defendants.
_____

        This case was referred to the undersigned pursuant to Section 636(b)(1) of Title

28 of the United States Code, by the Honorable Lawrence J. Vilardo, to handle all pretrial

and non-dispositive matters. (Dkt. No. 27).

        Plaintiff Marcel Pierre, who is an incarcerated person acting *pro se* in this 42 U.S.C.

§ 1983 action, has applied to the Court for appointment of counsel and for a general

extension of time. (Dkt. No. 43). Counsel for defendants Thomas Duquin, Kaori Tanaka,

and Elizabeth Hall (f/k/a Elizabeth Cohen) filed a response in opposition to plaintiff's

request for counsel. (Dkt. No. 44). No response was submitted by the remaining

defendants and plaintiff has not filed a reply. For the following reasons, plaintiff's motions

to appoint counsel and for extension of time are denied.

## DISCUSSION

        Plaintiff's letter to the Court, dated April 24, 2023, states that he has "had a severe

breakdown in [his] mental health the last few months." (Dkt. No. 43). He states that he is

"currently in the box" and has limited access to legal services. (*Id.*). Plaintiff also submits

that he is now housed at Groveland Correctional Facility, where, upon arrival "a good

majority of [his] legal mail was lost by correctional officers." (*Id.*). Plaintiff requests an extension of "all upcoming dates" and asks that the Court appoint an attorney to represent him because he is "no longer mentally stable to proceed pro se." (*Id.*). Plaintiff further states that he feels he is not mentally competent and is receiving mental health services. (*Id.*).

<u>Appointment of Counsel</u>

There is no constitutional right to the appointment of counsel in civil cases. However, pursuant to 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). The decision to appoint counsel lies clearly within the Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). Indeed, the Court must consider the issue of appointment carefully, for "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).

The factors a Court is to consider in deciding whether to appoint counsel include: (1) whether the indigent's claims seem likely to be of substance; (2) whether the indigent is able to investigate the crucial facts concerning his or her claims; (3) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact-finder; (4) the indigent's ability to present the case; (5) whether the legal issues involved are complex; and (6) whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). *See also Cooper*, 877 F.2d 172 (appointment of counsel is not necessary for "every case

2

that survives a motion to dismiss"). The Court must first consider the likelihood of merit of the dispute, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances of prevailing are therefore poor." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

In light of these factors, the appointment of counsel is not warranted at this time. With respect to the threshold merits inquiry, although plaintiff has pled claims of unconstitutional searches, invasion of privacy, sexual abuse, and inadequate medical care under § 1983, the merits of those claims are still unclear. Discovery has not yet concluded and no dispositive motions have been filed. Plaintiff's motion contains no additional information demonstrating that his claims are likely to be of substance. Thus far, plaintiff has shown an ability to adequately present his claims by filing a cogent complaint, opposing dismissal of his claims, and moving to amend his complaint. There is no indication that plaintiff will not be able to investigate the crucial facts concerning his claims. It is unknown whether cross-examination will be needed. In addition, the issues raised by plaintiff do not appear, at this time, to be so complex that appointment of counsel is necessary.

Plaintiff asserts that he needs appointed counsel because he is "no longer mentally stable to proceed pro se." (Dkt. No. 43). The Court notes that plaintiff's alleged mental illness could constitute a special reason why appointment of counsel might be warranted in the future. *See Rispers v. Miller*, 20-CV-6669, 2022 U.S. Dist. LEXIS 49829, at *3 (W.D.N.Y. Mar. 21, 2022) ("if Plaintiff has difficulties investigating the crucial factors of this case, or providing discovery to the Defendants, his illiteracy and mental illness may

provide a 'special reason' to appoint counsel in the future"). However, the Court does not find appointment of counsel appropriate under the present circumstances.[1] *See Hollis v. Reisenhoover*, Case No. 17-00326, 2020 U.S. Dist. LEXIS 11559, at *12 (N.D. Cal. Jan 21, 2020) ("[G]enerally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated.") (collecting cases).

Further, while the Court recognizes that an incarcerated *pro se* litigant may encounter more difficulties in pursuing his or her case than a *pro se* litigant who is not incarcerated, this, in itself, is not a valid reason for the appointment of counsel. If it were, every inmate involved in a civil lawsuit would be entitled to the appointment of counsel. Plaintiff's *pro se* status does not relieve him of his duty to diligently advance his case, and failure to do so could result in sanctions, up to and including dismissal under Federal Rule 41(b) for failure to prosecute. *Lord v. City of New York*, 20-CV-3890, 2022 U.S. Dist. LEXIS 195278, at *4 (S.D.N.Y. Oct. 25, 2022); *see Norman v. City of New York*, 20-CV-5560, 2022 U.S. Dist. LEXIS 144631, at *18 (S.D.N.Y. Aug. 12, 2022) ("Every litigant – whether *pro se* or represented – has an obligation to prosecute his claims diligently.") (citing *Valentine v. Museum of Modern Art*., 29 F.3d 47, 50 (2d Cir. 1994)).

---

[1] The Court has also considered its responsibilities under Fed. R. Civ. P. 17(c) to appoint a guardian ad litem for any incompetent person not otherwise represented in an action. Such an appointment is not warranted here. Although plaintiff's recent letter asserts that he is mentally ill and mentally incompetent, the Court has not seen signs of severe incapacity, is not aware of any proceeding in which plaintiff has been adjudicated incompetent, and has not received any verifiable evidence indicating that plaintiff's mental illness is of the type that would render him legally incompetent. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) (holding that the duty to consider whether Rule 17(c) applies is triggered by evidence from an appropriate court of record or relevant public agency indicating that the party has been adjudicated incompetent, or if the court receives verifiable evidence from a mental health professional demonstrating that the party is being treating for mental illness of the type that would render him legally incompetent).

For these reasons, plaintiff's motion for appointment of counsel is denied. Plaintiff may seek legal advice or assistance through the Pro Se Assistance Program by contacting the Erie County Bar Association's Volunteer Lawyers Project at (716) 847-0662 ext. 340.

### *Extension of Case Management Deadlines*

Rule 16(b) of the Federal Rules of Civil Procedure requires judges to set scheduling orders limiting the time within which parties may amend the pleadings, complete discovery, and file motions. A schedule may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The Second Circuit states that a finding of "good cause" under Rule 16 depends on the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). "In other words, to demonstrate 'good cause' a party must show that despite [his] diligence the time table [in the scheduling order] could not have reasonably been met." *Willett v. City of Buffalo*, 15-CV-330, 2016 U.S. Dist. LEXIS 150499, at *5 (W.D.N.Y. Oct. 31, 2016) (citation omitted). While a district court is obliged to consider the diligence of the moving party as the "primary" consideration, it may consider other factors such as the prejudice to the non-moving party, where the consideration of such other factors is necessary to a reasonable exercise of discretion. *See Kodak Graphic Commc'ns Canada Co. v. E.I. Du Pont de Nemours & Co.*, 08-CV-6553, 2011 U.S. Dist. LEXIS 148853, at *9-10 (W.D.N.Y. 2011) (citing *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)).

Here, plaintiff seeks an extension of "all upcoming dates." (Dkt. No. 43). The Court understands plaintiff to be requesting an extension of all deadlines set forth in the Case Management Order dated February 16, 2023. (Dkt. No. 37). The Court further

understands that plaintiff makes this request based on his self-described mental illness, his recent loss of certain legal mail, and because of his placement, as of April 24, 2023, in a segregated housing unit inside Groveland Correctional Facility. Plaintiff states that this placement "in the box" means that he has limited access to legal services. The Court infers that plaintiff expects to be better equipped to prosecute his case upon release from segregated housing. However, plaintiff does not offer any further explanation that would allow this Court to understand the limitations or restrictions of his placement or the expected length of the placement. Practically speaking, plaintiff has not specified the length of extension he seeks, and the Court is hesitant to grant a general postponement of the case schedule.

At the time plaintiff made this request, the April 3, 2023 deadline for making initial disclosures under Rule 26(a)(1) had elapsed approximately three weeks earlier. The deadline for filing motions to join other parties or amend the pleadings elapsed soon thereafter, on May 1, 2023. However, considerable time exists between now and the expiration of the remaining deadlines in the Case Management Order. Specifically, the scheduling order provides that fact discovery shall be completed by October 30, 2023; plaintiff's expert disclosures shall be completed by November 27, 2023; expert depositions shall be completed by February 26, 2024; and pretrial dispositive motions shall be filed by March 25, 2024. Plaintiff has not explained why he will be unable to comply with these deadlines or how he will be better able to proceed at an unknown later date.

Again, the Court is mindful of plaintiff's status as a *pro se* prisoner and the inherent restrictions on prisoners. *See Mendez v. Barlow*, 04-CV-1030, 2008 U.S. Dist. LEXIS

38545, at *18 (W.D.N.Y. May 12, 2008). However, plaintiff's status does not prevent him from pursuing this action, nor does it relieve him from fulfilling his discovery obligations. In this instance, plaintiff has not shown that, despite diligence, an extension of deadlines is necessary. Thus, the Court finds that plaintiff has not shown good cause to modify the scheduling order at this time.

Should plaintiff find that despite reasonable diligence he is unable to comply with specific provisions of the scheduling order in the future, he should renew his motion before this Court. Such a motion should be made at a reasonable time before the expiration of the deadline which plaintiff seeks to extend, and, importantly, should provide specific reasons why an extension is necessary and how much additional time is required.

## CONCLUSION

For these reasons, plaintiff's motion for appointment of counsel (Dkt. No. 43) is denied, without prejudice to plaintiff's ability to re-apply for appointment of counsel at a later date or the Court's ability to *sua sponte* re-examine this issue should circumstances change. Plaintiff's request for extension of time is also denied, without prejudice to refiling upon a showing of good cause.

**SO ORDERED.**

Dated: June 13, 2023
       Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge